UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Inzer Advance Designs, Inc.** | : | **CIVIL CASE NO. 25-171** |
| 124 W. Tyler St. | : | |
| Longview, TX 75606 | : | |
| | : | |
| **Plaintiff,** | : | **ORIGINAL COMPLAINT** |
| | : | |
| v. | : | |
| | : | |
| **April Mathis d/b/a Mathis Enterprises** | : | **JURY TRIAL DEMANDED** |
| 1850 Union Hill Rd. | : | |
| Peebles, OH 45660 | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

This is an action filed by Plaintiff Inzer Advance Designs, Inc. ("**Inzer**"), by and through counsel, against Defendant April Mathis, d/b/a Mathis Enterprises ("**Mathis**"). Inzer states as follows:

## NATURE OF THE CLAIMS

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*. for infringement of Inzer's exclusive rights in the inventions claimed in United States Patent No. 9,895,594 (the "**'594 Patent**") and United States Design Patent No. D848,558 (the "**'558 Design Patent**").

## THE PARTIES

2. Inzer is a corporation organized under the laws of the State of Texas, with a principal place of business at 124 W. Tyler St., Longview, TX 75606.

3. On information and belief, Mathis is an individual residing in Ohio at 1850 Union Hill Rd., Peebles, OH 45660, which is located within this Judicial District.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Mathis under Federal Rule of Civil Procedure 4 and Ohio Revised Code § 2307.382 because Mathis resides in Ohio.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400, at least because Mathis resides within this Judicial District.

## FACTUAL BACKGROUND

### A. OVERVIEW OF INZER

7. Inzer repeats and incorporates by reference the allegations of the above paragraphs.

8. Inzer is in the business of at least the design and manufacture of powerlifting equipment.

9. Inzer also supports powerlifting competitions and powerlifting growth endeavors throughout at least the United States, with a goal of growing the sport of powerlifting and a lifestyle of strength.

10. Inzer maintains a position as an industry leader through innovation, and it has procured patent rights to protect its inventions, including the '594 Patent and '558 Design Patent.

### B. INZER'S '594 PATENT

11. Inzer repeats and incorporates by reference the allegations of the above paragraphs.

12. On April 28, 2017, Inzer caused to be filed an application at the United States Patent and Trademark Office (the "**PTO**") for the invention claimed in the '594 Patent.

13. On February 20, 2018, the PTO issued the '594 Patent to Inzer.

14. A copy of the '594 Patent is attached hereto as **Exhibit 1**.

15. Claim 1 of the '594 Patent recites:

A weightlifting wrap constructed of a stretchable woven material, said weightlifting wrap including a plurality of exposed elongate pliable strand members on at least one outer surface of said weightlifting wrap, said plurality of elongate pliable strand members being arranged into at least two separate bands on at least one of said outer surfaces of said weightlifting wrap, each of said bands comprising a plurality of adjacent rows of said elongate pliable strand members.

C. **INFRINGEMENT OF THE '594 PATENT**

16. On information and belief, without Inzer's authorization, Mathis makes, has made, uses, offers for sale, and/or sells in the United States, including at least Ohio, products that infringe the '594 Patent.

17. On information and belief, Mathis infringes the '594 Patent by making, having made, using, offering for sale, and/or selling in the United States, or importing into the United States, at least the following products (collectively, the "**Accused Product(s)**"):

| Product Name | Representative Image |
|---|---|
| True Iron Brand Powerlifting Heavy Duty Gripper Wrist Wraps (Pair) – 36" (the "**Accused Wrist Wrap**") | |

3

| Product Name | Representative Image |
|---|---|
| True Iron Brand Powerlifting Heavy Duty Gripper Elbow Wraps (Pair)- 2 Meters<br><br>(the "**Accused Elbow Wrap**") | |
| True Iron Brand Powerlifting Heavy Duty Gripper Knee Wraps (Pair)- 3 Meters<br><br>(the "**Accused Knee Wrap**") | |

18. On information and belief, Mathis offers the Accused Products through, at least, her eBay store under the name Mathis Enterprises (https://www.ebay.com/str/mathisenterprises), at the following specific addresses within that store:

   a. the Accused Wrist Wrap: https://www.ebay.com/itm/154493810424;

   b. the Accused Elbow Wrap: https://www.ebay.com/itm/154479513968; and

   c. the Accused Knee Wrap: https://www.ebay.com/itm/154479468767.

19. The images in the table above are part of and were taken from the pages at the web addresses listed above for each Accused Product.

20. On information and belief, each of the Accused Products infringes all elements of at least Claim 1 of the '594 Patent, literally or under the doctrine of equivalents.

21. On information and belief, the Accused Products are made of stretchable woven material.

22. On information and belief, the Accused Products include a plurality of exposed elongate pliable strand members on at least one outer surface. Specifically, in the images above, the gray-colored portions are pluralities of such strand members.

23. On information and belief, the Accused Products include elongate pliable strand members exposed on at least one surface. Specifically, in the images above, the gray-colored strand members are clearly visible on one of the outer surfaces of the band.

24. On information and belief, the Accused Products include elongate pliable strand members being arranged into at least two separate bands on at least one outer surface of the wrap. Specifically, in the images above, the gray-colored strand members are arranged into two separate bands.

25. On information and belief, the Accused Products include bands of elongate pliable strand members comprising a plurality of adjacent rows of said elongate pliable strand members. Specifically, in the images above, the adjacent rows of such members are clearly visible in the gray-colored bands, and those bands are made up of adjacent rows of such members.

26. On information and belief, the Accused Products are weightlifting wraps.

D. **INZER'S '558 DESIGN PATENT**

27. On February 15, 2015, Inzer caused to be filed an application at the PTO for the '558 Design Patent.

28. On May 14, 2019, the PTO issued the '558 Design Patent to Inzer. A copy of the '558 Design Patent is attached hereto as **Exhibit 2**.

5

29. On information and belief, without Inzer's authorization, Mathis makes, has made, uses, offers for sale, and/or sells in the United States, including at least Ohio, products having designs that infringe the '558 Design Patent.

30. On information and belief, Mathis offers the Accused Products described above for sale online via at least eBay, as alleged above.

31. The overall appearance of the design claimed in the '558 Design Patent and the design of the Accused Products are substantially the same.

32. The table below illustrates this infringement by comparing figures from the '558 Design Patent with images of each Accused Product from Mathis's eBay pages showing the Accused Products:

6



| The '558 Design Patent | Accused Products |
|---|---|
| FIG. 6<br>FIG. 5 | The Accused Wrist Wrap (https://www.ebay.com/itm/154493810424)<br><br>The Accused Elbow Wrap (https://www.ebay.com/itm/154479513968)<br><br>The Accused Knee Wrap (https://www.ebay.com/itm/154479468767) |

33. An ordinary observer would perceive the overall appearance of the design of the '558 Design Patent and the design of the Accused Products to be substantially the same when compared in the context of the prior art.

34. On February 7, 2025, counsel for Inzer sent a letter to Mathis via FedEx and email, informing Mathis of her infringement of the '594 Patent and the '558 Design Patent. The letter was duly delivered by FedEx to the address of Mathis as disclosed herein. The email to Mathis did not "bounce back." On information and belief, Mathis received but did not respond to the email or the letter. And, prior to sending the email and the letter, Inzer transmitted communications to the eBay account for Mathis Enterprises, to which Inzer received no response from Mathis Enterprises.

## COUNT I
## INFRINGEMENT OF UTILITY PATENT NO. 9,895,594
## (35 U.S.C. § 271)

35. Inzer repeats and incorporates by reference the allegations of above paragraphs.

36. Inzer owns all right, title, and interest in the '594 Patent and possesses the right to sue for and obtain equitable relief and damages for past, present, and future infringement of the '594 Patent.

37. The '594 Patent is presumed to be valid.

38. Mathis has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '594 Patent in violation of 35 U.S.C. § 271(a).

39. By making, importing, using, offering to sell, or selling the Accused Products in the United States, Mathis has infringed, and continues to infringe, at least Claim 1 of the '594 Patent in violation of 35 U.S.C. § 271(a).

40. On information and belief, Mathis's infringement of the '594 Patent is willful.

41. Inzer has been and will continue to be damaged by Mathis's violations of 35 U.S.C. § 271(a).

42. Inzer has been and will continue to be irreparably harmed by Mathis's infringement of the '594 Patent, for which Inzer has no adequate remedy at law unless and until Mathis is enjoined by this Court.

## COUNT II
## INFRINGEMENT OF DESIGN PATENT NO. D848,558
## (35 U.S.C. § 271)

43. Inzer repeats and incorporates by reference the allegations of the above paragraphs.

44. Inzer owns all right, title, and interest in the '558 Design Patent and possesses the right to sue, obtain equitable relief, and recover damages for past, present, and future infringement of the '558 Design Patent.

45. The '558 Design Patent is presumed valid.

46. Mathis has directly infringed, and continues to directly infringe, either literally or under the doctrine of equivalents, the '558 Design Patent in violation of 35 U.S.C. § 271(a).

47. By making, importing, using, offering to sell, or selling the Accused Products in the United States, Mathis has infringed, and continues to infringe, the '558 Design Patent in violation of 35 U.S.C. § 271(a).

48. On information and belief, Mathis's infringement of the '558 Design Patent is willful.

49. Inzer has been and will continue to be damaged by Mathis's violations of 35 U.S.C. § 271(a).

50. Inzer has been and will continue to be irreparably harmed by Mathis's infringement of the '558 Design Patent, for which Inzer has no adequate remedy at law unless and until Mathis is enjoined by this Court.

## PRAYER FOR RELIEF

Inzer respectfully requests the Court grant it the following relief in this action:

a. A judgment that Mathis willfully infringed the '594 Patent;

      b.      An order enjoining Mathis, her agents, employees, successors, assigns, and all those in privity and/or acting in concert with them, permanently and preliminarily during the pendency of this action, from infringing the '594 Patent;

      c.      An order requiring Mathis to pay Inzer all damages caused by her infringement of the '594 Patent, pursuant to 35 U.S.C. § 284;

      d.      A judgment that Mathis willfully infringed the '558 Design Patent;

      e.      An order enjoining Mathis, her agents, employees, successors, assigns, and all those in privity and/or acting in concert with them, permanently and preliminarily during the pendency of this action, from infringing the '558 Design Patent;

      f.      An order requiring Mathis to pay Inzer all damages caused by her infringement of the '558 Design Patent, pursuant to 35 U.S.C. § 284, and/or the total profit made by Mathis from her infringement of the '558 Design Patent, pursuant to 35 U.S.C. § 289;

      g.      An order awarding Inzer enhanced damages to deter any future willful infringement as the Court finds appropriate;

      h.      A judgment and order requiring Mathis to pay Inzer supplemental damages or profits for any continuing post-verdict infringement up until entry of judgment, with an accounting as needed;

      i.      A judgment and order requiring Mathis to pay Inzer pre-judgment and post-judgment interest on any damages or profits awarded;

      j.      An award of Inzer's attorney fees for bringing and prosecuting this action; and

      k.      Such further and additional relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Inzer demands a trial by jury for all claims so triable.

Dated: March 18, 2025                      Respectfully Submitted,

                                              */s/ Oleg Khariton*
Oleg Khariton (Ohio Bar No. 0091260)
Dinsmore & Shohl LLP
255 E. Fifth St. # 1900
Cincinnati, OH 45202
(513) 977-8246 phone / (513) 977-8141 fax
Oleg.Khariton@dinsmore.com

Mark D. Schneider (Michigan Bar No. P55253, pending admission *pro hac vice*)
Dinsmore & Shohl LLP
755 W. Big Beaver Rd. # 1900
Troy, MI 48084
(248) 203-1615 phone / (248) 647-5210 fax
Mark.Schneider@Dinsmore.com

11